**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MARKUS HUNTER, Inmate #A50324,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **C/O DUTTON, C/O MASON, KENNETH** ) | **CIVIL NO. 06-444-DRH** |
| **L. HAMILTON, DAVID W. MITCHELL,** ) | |
| **LESLIE MARKEL, ROBERT S. FREY,** ) | |
| **JACKIE MILLER, and ROGER E.** ) | |
| **WALKER, JR.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against all Defendants for improper retaliation against Plaintiff for filing grievances and lawsuits against them.

**COUNT 2:** Against all Defendants for violations of due process in a disciplinary hearing.

This case is now before the Court for a preliminary review of the complaint pursuant to 28

U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## FACTUAL BACKGROUND

On March 20, 2005, Defendant Mason and C/O Weirheim (not a defendant) found an inhaler in Plaintiff's cell during a "shakedown" cell search at Tamms Correctional Center. As a result, Defendants Dutton and Mason wrote Plaintiff a disciplinary ticket for possession of drugs and drug paraphernalia and contraband. Plaintiff states that the inhaler was prescribed to him by a prison physician. At a subsequent disciplinary hearing on March 23, 2005, adjudicated by Defendants Mitchell and Hamilton, Plaintiff was found guilty of the charges and was disciplined with three months in segregation, a three-month demotion to c-grade, a three-month loss of commissary privileges, and a six-month loss of contact visits. Plaintiff objected to the disciplinary proceedings because he was innocent of the charges, the disciplinary report was written in retaliation for prior grievances filed against Defendants, and because Defendant Dutton did not participate in the search but signed the disciplinary report.

Plaintiff filed grievances regarding the alleged due process violations in the disciplinary hearing, but Defendant Markel denied them; Defendant Frey concurred in the denial. Plaintiff appealed the denied grievances, but the appeals were denied by Defendants Miller and Walker. Plaintiff states that each of these defendants, in denying the grievances despite their knowledge that Plaintiff was innocent of the charges, acted in retaliation for prior grievances and lawsuits.

### COUNT 1

Plaintiff argues that Defendants Dutton and Mason acted in retaliation for prior grievances and lawsuits in writing the disciplinary ticket, that Defendants Mitchell and Hamilton acted in retaliation in finding him guilty of the charges, and that Defendants Markel, Frey, Miller, and Walker acted in retaliation in denying his grievances.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.*

Based on these legal standards and Plaintiff's allegations, Count 1 of the complaint cannot be dismissed at this point in the litigation.

### COUNT 2

Plaintiff argues that all defendants were responsible for denying him a fair hearing in violation of his due process rights. When a plaintiff brings an action under § 1983 for procedural

due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for three months. Nothing in the complaint or exhibits suggests, nor does Plaintiff attempt to show, that the conditions in disciplinary segregation at Tamms were substantially more restrictive than those in administrative segregation. Therefore, Plaintiff's due process claim is without merit. Plaintiff also claims that he was demoted to c-grade, denied commissary privileges for three months, and denied contact visits for six months. These allegations also do not present a viable constitutional claim.

*See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges). Because Plaintiff has not shown the deprivation of a protected liberty interest, Plaintiff has failed to show a due process violation resulting from the disciplinary proceedings.

To the extent that Plaintiff is arguing that his due process rights were violated in the grievance process, that claim also fails. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

Based on the foregoing, Plaintiff has failed to state a due process claim; Count 2 is therefore **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

## DISPOSITION

Plaintiff may proceed against all Defendants on Count 1 of the complaint. Count 2 of the complaint is **DISMISSED** with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Dutton, Mason, Hamilton, Mitchell, Markel, Frey, Miller, and Walker*. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendants Dutton, Mason, Hamilton, Mitchell, Markel,*

*Frey, Miller, and Walker* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections ("IDOC") who no longer can be found at the work address provided by Plaintiff, the IDOC shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional

copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  The Court will disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter, *including all pending motions*, is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:** December 28, 2006.

>                     /s/    David   RHerndon
>                         **DISTRICT JUDGE**