# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARKUS HUNTER**,

**Plaintiffs,**

v.

**C.O. DUTTON,**
**et al.,**

**Defendants.**                                         No. 06-0444-DRH

## ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court on Plaintiff's response to Defendant objections to Magistrate Judge's Order dated January 15, 2009 (Doc. 51). Specifically, Plaintiff objects to Magistrate Judge Wilkerson's Order denying his motion to compel discovery (Doc. 50). Plaintiff maintains that the additional discovery is necessary for a fair trial. Based on the following, the Court overrules Plaintiff's objections.

> **Local Rule 73.1(a)** provides:
>
> Any party may file for reconsideration of a Magistrate Judge's order determining a motion or matter under Local Rule 72.1(c) within ten (10) days after issuance of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. Such party shall file with the Clerk of the Court, and serve on the Magistrate Judge and all parties, a written request for reconsideration which shall specifically designate the order, or part thereof, that the parties wish the Court to reconsider. A District Judge of the Court shall reconsider the matter and set aside any portion of the Magistrate

> Judge's order found to be clearly erroneous or contrary to law. The District Judge may also reconsider *sua sponte* any matter determined by a Magistrate Judge under this rule.

Also, under **FEDERAL RULE OF CIVIL PROCEDURE 72(a)**, the Court may modify or reverse a decision of a magistrate judge on a non-dispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law." A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." ***Anderson v. City of Bessemer***, 470 U.S. 564, 573 (1985)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 395 (1948)); *See also **Weeks v. Samsung Heavy Industries Co. Ltd.***, 126 F.3d 926, 943 (7th Cir. 1997)(**"The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."**). "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have not chosen the other view." ***American Motors Corp. v. Great American Surplus Lines Insurance Co.***, 1988 WL 2788 at * 1 (N.D. Ill. 1988).

Here, Plaintiff merely takes umbrage with Judge Wilkerson's Order denying his motion to compel by claiming that he needs the information for a fair trial. The motion does not elaborate as to why this information is necessary or how Judge Wilkerson's decision was wrong. The Court finds that Plaintiff has not established that Judge Wilkerson's Order was clearly erroneous or contrary to the

law.

Accordingly, the Court **OVERRULES** Plaintiff's response to Defendant objections to Magistrate Judge's Order dated January 15, 2009 (Doc. 51).

**IT IS SO ORDERED.**

Signed this 30th day of January, 2009.

/s/      *DavidRHerndon*

**Chief Judge**
**United States District Court**