IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARKUS HUNTER**,

**Plaintiffs,**

v.

**C.O. DUTTON,**
**et al.,**

**Defendants.**                                                                                    **No. 06-0444-DRH**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is Defendants Dutton and Mason's motion to dismiss (Doc. 91). Specifically, Defendants argue that Hunter's Amended Complaint is legally insufficient because he alleged that his decision to file grievances was "a motivating factor" for Defendants' alleged retaliatory actions and the Supreme Court has rejected retaliation claims using the "motivating factor test." Hunter responds that he alleged that Defendants' conduct was "a motivating factor" in only one paragraph in the Amended Complaint and that he alleged other facts that show he is entitled to relief. Based on the following, the Court denies Defendants' motion to dismiss.

On June 12, 2006, Markus Hunter, an inmate at Tamms Correctional Center, brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 1). On December 28, 2006, the Court conducted its

preliminary review of the complaint pursuant to 28 U.S.C. 1915A and divided Hunter's complaint into two Counts. Count 1 for improper retaliation against Plaintiff for filing grievances and lawsuits against Defendants and Count 2 for violations of due process in a disciplinary hearing (Doc. 6). Also in the Preliminary Review Order, the Court dismissed with prejudice Count 2 for failure to state a due process claim. On March 9, 2009, the Court granted in part and denied in part Defendants' motion for summary judgment (Doc. 53). Specifically, the Court denied the motion as to Plaintiff's retaliation claim against Defendants Dutton and Mason and granted the motion as to Plaintiff's retaliation claim against Defendants Markel, Hamilton, Mitchell, Frey and Miller.

On April 2, 2009, the Court appointed counsel for Hunter for trial purposes (Doc. 56) and allowed the parties to extend and reopen discovery (Doc. 60). On December 30, 2009, Hunter, by and through court appointed counsel filed an Amended Complaint against Dutton and Mason (Doc. 89). On January 14, 2010, Defendants filed the pending motion to dismiss (Docs. 91 & 92) and Plaintiff filed his response in opposition on February 1, 2010 (Doc. 94). The Court now turns to address the merits of the motion.

## II. Motion to Dismiss

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." **Fed. R. Civ. P. 8(a)(2)**. The complaint need not contain "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed me accusation." ***Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.**

**Ct. 1955, 167 L.Ed 2d 929 (2007).** A district court ruling on a motion to dismiss for failure to state a claim must determine if the plaintiff has alleged "enough facts to render the claim not just conceivable, but facially plausible." **See Fed. R. Civ. P. 12(b)(6);** *Tully v. Barada,* **599 F.3d 591, 593 (7th Cir. 2010)** (*citing* *Ashcroft v. Iqbal,* **129 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009);** *Twombly,* **550 U.S. at 570.** "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* **129 S. Ct. 1937 at 1950.** Consequently, the issue here is whether Plaintiff "plead factual matter, that if taken as true, states a claim that [defendants] deprived him of his clearly established constitutional rights?" *Iqbal,* **129 S. Ct. at 1943.**

### III.  Analysis

Defendants base their motion to dismiss on one allegation in the Amended Complaint: "Hunter's use of this grievance and/or legal process was a motivating factor for Defendants' act of retaliation." (Doc. 89, ¶ 56). They argue that allegation is legally insufficient because Hunter alleged that his decision to file grievances was "a motivating factor" for Defendants' actions and that the Supreme Court has rejected the motivating factor standard.[1] The Court rejects Defendants' argument.

In addition to the "a motivating factor" allegation, Hunter asserts the

---

[1] In *Gross v. FBL Financial Services, Inc.*, **129 S.Ct. 2343 (2009)**, the Supreme Court rejected the "motivating factor" standard and held that a plaintiff who brings an age discrimination claim must prove that the Defendant's unlawful conduct would not have occurred BUT-FOR plaintiff's age. *Gross,* **129 S.Ct. at 2352**.

following allegations in his Amended Complaint:

> "Defendants violated Hunter's First Amendment rights by wrongfully altering the original Shakedown Record . . . . As a result of the subsequent and wrongfully altered Shakedown Records, Defendants caused a wrongful Disciplinary Report to be issued against Hunter, inaccurately charging him with possession of drugs or drug paraphernalia and possession of contraband or unauthorized property in violation of Department Rules 203 and 308. *These after-the-fact concocted charges, and the resulting unjust punishment and injuries suffered by Hunter, were lodged by Defendants against Hunter in retaliation for having pursued his right to file grievances and/or lawsuits against Defendants.*"

(Doc. 89, ¶55) (emphasis added). Further, the Amended Complaint alleges:

> The March 20, 2005 Disciplinary Report and related punishment was the result of the wrongfully altered Shakedown Records prepared by Defendants *to retaliate against Hunter's exercise of his First Amendment right to file grievances against Defendants*. Further, the Disciplinary Report and related punishment was factually unfounded.

(Doc. 89, ¶60) (emphasis added).

Plaintiff was required to allege facts showing his grievances were "the reason" Defendants retaliated against him. **Waters v. City of Chicago, 580 F.3d 575, 585 (7th Cir. 2009).** Based on these allegations, the Court concludes that Hunter has sufficiently set forth a claim for retaliation against Defendants. **See Iqbal, 129 S.Ct at 1940 ("determining whether a complaint states a claim is context-specific, requiring the court to draw on its experience and common sense.").** Further, the issue that will be put to the fact finder will specifically be one of "the" motivating factor not "a" motivating factor. Moreover, the motivating factor language contained in the Amended Complaint is surplusage.

## IV.  Conclusion

Accordingly, the Court **DENIES** Defendants' motion to dismiss (Doc. 91).  The Court **SETS** this matter for Final Pretrial Conference on July 1, 2010 at 11:00 a.m.

**IT IS SO ORDERED.**

Signed this 12th day of May, 2010.

/s/  DavidRHerndon
**Chief Judge
United States District Court**