IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MARKUS HUNTER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 06-cv-00444-DGW |
| C/O DUTTON, et al. | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on a Motion for New Trial or Alternative Transferred to an Minimum Security Institution and to Amend (sic) ("Motion for New Trial") (Doc. 139) and Motion to Alter or Amend the Judgment (Doc. 141) filed by Plaintiff Markus Hunter. Defendants Kirk Dutton and Doug Mason filed a Response to Plaintiff's Motion for New Trial (Doc. 142), but did not file a Response to the Motion to Alter or Amend the Judgment. For the reasons stated below, Plaintiff's Motions (Docs. 139, 141) are **DENIED**.

**Background**

Markus Hunter ("Plaintiff"), an inmate incarcerated at Tamms Correctional Center ("Tamms"), brought this suit pursuant to 42 U.S.C. § 1983 alleging that correctional officers Kirk Dutton and Doug Mason ("Defendants") retaliated against him in violation of his First Amendment rights (Doc. 1). On April 19, 2011, following a two-day bench trial, the Court found in favor of Defendants and entered judgment accordingly (Doc. 130). Plaintiff filed two separate and timely[1] motions for a new trial citing errors of the Court and newly discovered evidence (Docs. 139, 141). Defendants filed a response only to the Plaintiff's Motion for New Trial (Doc. 142).

---

[1] FED. R. CIV. P. 59(b). Motions must be filed within 28 days from judgment. *Id.*

For purposes of clarity, the Court will address the arguments asserted in both motions together. Essentially, Plaintiff requests a new trial because: 1) the Court erred by permitting defense counsel to make "prejudicial statements" in its closing argument; (2) there is "newly discovered evidence" in the form of the Plaintiff's past medical files from Tamms and an internet blog pertaining to asthma; (3) the Court erred by failing to properly "authenticate" the "shakedown slip" under the Federal Rules of Evidence; and (4) the Court erred when it dismissed the Plaintiff's court-appointed counsel at the conclusion of trial. Additionally, Plaintiff requests to be transferred to a minimum security facility and seeks monetary relief.

**Standard**

Under Federal Rule of Civil Procedure 59, a court may grant a new trial following a nonjury trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." FED. R. CIV. P. 59(a)(1)(B).[2] Rule 59(e) is a procedural vehicle that provides district courts the "opportunity to correct errors that may have crept into the proceeding, before the case leaves the district court for good." *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). Courts should grant a Rule 59(e) motion only if "the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *see also Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (noting that neither the "timing" nor the "label" of a prisoner's *pro se* motion is "dispositive with respect to the appropriate characterization of the motion.").

---

[2] Further, "the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." FED. R. CIV. P. 59(a)(2).

2

**Analysis**

*Prejudicial Statements Made by Defense Counsel During Closing Argument*

Plaintiff argues that defense counsel made "prejudicial, inflammatory, and erroneous statements in closing argument designed to arouse the prejudices and passions of the Judge, thereby prejudicing the Plaintiff's right to a fair trial." (Doc. 139). Statements made by attorneys in court are not evidence. *See United States v. Diaz*, 533 F.3d 574, 578 (7th Cir. 2008). During closing arguments, in particular, attorneys are permitted "more leeway . . . to suggest inferences based on the evidence, highlight weaknesses in the opponent's case, and emphasize strengths in their own case." *Soltys v. Costello*, 520 F.3d 737, 745 (7th Cir. 2008). A new trial is appropriate when an attorney's statements during closing argument may "influenc[e] the jury in such a way that substantial prejudice resulted to the opposing party." *Gruca v. Alpha Therapeutic Corp.*, 51 F.3d 638, 644 (7th Cir. 1995) (internal citations omitted). However, the fear of in-court statements causing "unfair prejudice" to sway judges presiding over a nonjury trial is substantially less than in a jury trial. *See, e.g.*, *Carter v. Hewitt*, 617 F.2d 961, 972 n.13 (3d Cir. 1980); *United States v. Nguyen*, No. 06-0075, 2008 WL 540230, at *6 (E.D. Cal. Feb. 25, 2008) (noting that "in bench trials, the judge is not so easily swayed" by potentially prejudicial statements by attorneys). Further, any prejudice from comments made during closing arguments "rarely rise[s] to the level of reversible error." *Ramsey v. Am. Air Filter Co.*, 772 F.2d 1303, 1311 (7th Cir. 1985); *see also Schandelmeier-Bartels v. Chicago Park Dist*., 634 F.3d 372, 388 (7th Cir. 2011) (noting that any potential harm an attorney's remarks can be "cured" by a judge's jury instructions).

Plaintiff failed to fully develop this argument in both motions, and his court-appointed attorneys did not make a timely objection during trial. Plaintiff did not allege, and the Court will

not, on its own, attempt to discern which statements Plaintiff alleges were improper. It seems clear that the Plaintiff's real dispute, if any, lies with his attorney, not this Court. *See Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001) (denying a motion for retrial on the failure of an attorney's "effective assistance" and noting that the "proper remedy for inadequate representation in a civil case lies not in dragging the opposing party through another trial, but rather in a malpractice action against the offending attorney"); *see also Sheldon v. Munford, Inc.*, 950 F.2d 403, 410-11 (7th Cir. 1991) (noting that the Seventh Circuit defers to the "decision of the Magistrate Judge not to intervene in the *absence of objection*, nor to grant a new trial because he heard the statements and was in a far better position than [an appellate court] to judge the effect of improper comments . . .") (emphasis added). Plaintiff did not cite to any legal authority or make reference to the trial record to support this allegation, and it is not the Court's duty to develop an argument on the Plaintiff's behalf. *See Spath v. Hayes Wheels Int'l-Indiana, Inc.*, 211 F.3d 392, 397 (7th Cir. 2000). Accordingly, Plaintiff shall not be granted a new trial or amended judgment on the basis of alleged prejudicial statements made by defense counsel during closing argument. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) (holding that the Seventh Circuit has "made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues); *see also Costello v. Grundon*, No. 08–3961, 2011 WL 2536089, at *22 (7th Cir. June 28, 2011).

### *Newly Discovered Evidence*

Plaintiff argues that newly discovered evidence entitles him to a new trial for two reasons. First, Plaintiff contends that his past medical records from Tamms clearly show that he was proscribed and possessed more than one asthma inhaler while incarcerated (Doc. 139).

4

Second, Plaintiff argues that an Internet blog entry by an asthmatic named "Breathin' Stephen" shows that it is possible for a person to suffer an asthma attack and still have "normal or near normal" oxygen saturation levels in their blood (Doc. 141). Both arguments fail as a matter of law.

Pursuant to Federal Rule of Civil Procedure 59(e), if a party produces "newly discovered evidence" after trial, the court has the discretion to grant a new trial or "alter or amend" the judgment. *See Obriecht*, 517 F.3d at 494. However, it is inappropriate to grant a Rule 59(e) motion where the "newly discovered evidence" could have been produced prior to judgment. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008); *see also Payette v. Dickman*, No. 09-3291, 2010 WL 3075271, at *2 (7th Cir. July 28, 2010) (denying a prisoner's *pro se* motion asserting "newly discovered evidence" because the prisoner's counsel had access to the documents prior to judgment).

Plaintiff's purported new evidence is irrelevant to the matter before the Court.[3] The crucial question is whether the Plaintiff's proffered evidence was available prior to judgment. Plaintiff's personal inventory and medical records were available prior to trial and his attorneys were aware of it during discovery. *See Egonmwan v. Cook Cty. Sheriff's Dept.*, 602 F.3d 845, 852 (7th Cir. 2010). The fact that Plaintiff's attorneys either found this evidence immaterial or decided against using these documents at trial does not present grounds for a new trial or to alter

---

[3] Plaintiff first produced his medical records and personal property inventory records from Tamms between 1998 and 2001 (Docs. 139-1, 139-2). He argues that this evidence demonstrates that during this period he possessed more than one inhaler, which contradicts defense witness testimony by Dr. Powers that he never prescribed more than one inhaler for Plaintiff (Doc. 139). Plaintiff also produced a posting from an internet blog cite authored by a man suffering from asthma (Doc. 141). Plaintiff argues that the statements made in the blog "goe[s] against the weight of evidence in the medical profession" because it demonstrates than an asthmatic, like Plaintiff, could display normal oxygen saturation levels immediately after an asthma attack. Plaintiff argues that this contradicts Dr. Powers' trial testimony that Plaintiff's normal oxygen readings suggest that he feigned the attack. *Id.*

or amend a judgment.[4] *See Stanciel*, 267 F.3d at 581 (denying a prisoner's motion for a new trial and holding that there is not a constitutional "right to effective assistance of counsel in a civil case."). The blog entry was dated November 30, 2010 and the Court entered judgment on April 19, 2011 (Docs. 131, 141). Even assuming *arguendo*, that the Court would admit as evidence a random blog posting from a nonmedical professional, like Plaintiff's personal records, the blog was published months prior to the judgment. Since the alleged "newly discovered evidence" was available well before the final judgment, Plaintiff is not entitled to a new trial or an altered or amended judgment.

### *Errors of Law*

Along with "newly discovered evidence," a Rule 59(e) motion for a new trial or altered or amended judgment may be sustained if the movant can prove that the court made "manifest errors" of law at trial. *See Obriecht*, 517 F.3d at 494. Plaintiff carried the burden of proving by a preponderance of evidence that "but for" the numerous grievances he had filed against correctional officers, he would not have been ticketed for violating IDOC Rules 203 and 308 (Doc. 131).[5] IDOC rules, however, are clear: possessing "unauthorized amounts of . . . medication" not prescribed "through regular procedures" is a violation. *See* 20 ILL. ADMIN. CODE § 504, Appendix A (2011) (defining IDOC Rules 203, "Drugs and Drug Paraphernalia," and 308, "Contraband or Unauthorized Property").

---

[4] The fact that Plaintiff points to "newly discovered evidence" that allegedly contradicts defense witness testimony is not grounds to grant a Rule 59(e) motion. Whether Plaintiff had four or four-hundred inhalers in his possession at some point does not disprove the fact that he violated Illinois Department of Corrections ("IDOC") Rules 203 and 308 for possessing "drug paraphernalia" over the prescribed limit (Doc. 131). This may, in fact, prove multiple violations of the rules.

[5] As previously stated, to succeed on a retaliation claim, a plaintiff must prove that filing grievances against correctional officers was constitutionally protected conduct; that "but for" that conduct the Defendants would not have ticketed the Plaintiff for violating IDOC Rules for possessing unauthorized medication; and that the Plaintiff was deprived in some way (Doc. 131).

Evidence presented at trial demonstrated that Plaintiff exceeded his limit of prescribed medication by possessing a second albuterol inhaler, and Plaintiff even admitted this in his deposition testimony (Docs. 131, 142). Thus, Plaintiff effectively mooted his retaliation claim by making it impossible to prove by any standard of proof that "but for" his First Amendment right to file grievances, he would not have been found in clear violation of IDOC Rules 203 and 308.

Additionally, Plaintiff argues that the "shakedown slip" which notified Plaintiff that he had violated IDOC Rules 203 and 308 was not properly authenticated at trial under the Federal Rules of Evidence (Doc. 31-1).[6] *See* Fed. R. Evid. 901. Plaintiff has failed to cite any legal authority, reference to the trial record, or even develop an argument to support his assertion that the Court made a "manifest error" of law by failing to properly authenticate the "shakedown slip," thus, this argument is waived. *See Spath*, 211 F.3d 297; *Berkowitz*, 927 F.2d at 1384. Accordingly, Plaintiff is not entitled to a new trial or amended judgment on the basis of manifest errors of law.

### *Dismissal of Court-Appointed Attorneys after Trial*

Plaintiff claims that the Court erred by dismissing his court-appointed counsel at the conclusion of trial (Doc. 139). This issue is wholly collateral to Plaintiff's Rule 59(e) motions. The district court maintains broad discretion to oversee the appointment of counsel for indigent clients, specifically prisoners, because there is no constitutional right to an attorney in civil lawsuits. *See Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). The Court appointed counsel to Plaintiff on April 6, 2009 and again on October 5, 2009 for the limited purposes of Final Pretrial Conference and Trial Proceedings only (Docs. 55, 77). Plaintiff's counsel vigorously represented Plaintiff throughout pretrial and trial proceedings. At the conclusion of the bench

---

[6] It seems that Plaintiff's sole argument is that the original "shakedown slip" was amended by Defendants during the events in question (Doc. 131).

trial on April 19, 2011, the Court dismissed Plaintiff's counsel.  Plaintiff's assertion that the Court somehow erred in dismissing his trial counsel is unfounded.  Therefore, Plaintiff is not entitled to a new trial or amended/altered judgment on the basis that the Court incorrectly dismissed his trial counsel.

### *Prayers for Relief*

In his Motion for New Trial, Plaintiff requests to be transferred to a minimum security facility and seeks monetary relief (Docs. 141, 139).  The law is well-settled that decisions where inmates will be housed are left to the discretion of prison administrators.  *See McKune v. Lile*, 536 U.S. 24, 39 (2002).  Therefore, Plaintiff must seek relief through the grievance procedure at Tamms.

With respect to his prayer for damages, Plaintiff had already his day in court and the only relief he may seek at this time is a new trial or an altered/amended judgment, not a new request for damages. FED. R. CIV. P. 59.

### Conclusion

For the reasons stated above, Plaintiff's Motion for New Trial (Doc. 139) and Motion to Alter or Amend the Judgment (Doc. 141) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 16, 2011**

_____
**DONALD G. WILKERSON**
**United States Magistrate Judge**